UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY A. HOGAN,

        Plaintiff,                              Case No. 1:11-cv-948

v.                                                Honorable Paul L. Maloney

UNKNOWN ALMY et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Jeffery A. Hogan presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Carson City Correctional Facility, though the actions about which he complains apparently occurred while he was housed at the Earnest C. Brooks Correctional Facility (LRF). He sues MDOC Grievance Specialist (unknown) Lockhart and the following LRF officials: Assistant Director of Food Service (unknown) Almy; Director of Food Service (unknown) Henry; Classification Director (unknown) Mack; and Warden Mary Berghuis.[1]

According to the complaint and its incorporated attachments, on August 7, 2010, Officer (unknown) Shepherd found ten yellow highlighters under Plaintiff's mattress. Because the highlighters were of the type used by staff and not sold in the store, Shepherd issued Plaintiff a misconduct ticket for theft and possession of stolen property. During the pendency of the misconduct charges, Plaintiff was "laid in" from his work assignment.[2] Following a hearing on August 19, 2010, the hearings officer found Plaintiff not guilty of the charged offense because it appeared that Plaintiff had received the markers from another prisoner who had transferred to the facility while in lawful possession of the markers. Nevertheless, because Plaintiff did not have permission to have the markers, the hearings officer found Plaintiff guilty of the minor misconduct offense of possessing contraband. Plaintiff was sanctioned with three days' loss of privileges. (Ex. to Compl., Page ID#10.)

---

[1] Plaintiff names "Ms. Berghuis," whom he identifies as holding the position of Assistant Deputy Warden. (Compl., docket #1, Page ID#4.) However, inasmuch as the only Berghuis mentioned in the complaint or attachments is Warden Mary Berghuis, the Court concludes that Plaintiff mistakenly identified Defendant Berghuis's position.

[2] Under MICH. DEP'T OF CORR., Policy Directive 05.01.100, ¶BB (defining a temporary suspension from a job assignment as being "laid in").

On August 24, 2010, following Plaintiff's conviction on the misconduct charge, Defendant Almy completed a Prisoner Program and Work Assignment Evaluation for Plaintiff, placing Plaintiff on 30 days of conditional employment with close supervision and recommending that Plaintiff be terminated from his job assignment because he had been "found guilty of possession of contraband. This type of behavior jeopardizes the integrity of his work assignment." (Work Evaluations, Page ID##11-12.) Plaintiff subsequently was terminated from his job. He was placed on "OO status" for 48 days until he could be assigned to another prison job, and he was confined to the area near his cell during that period.[3]

Plaintiff filed a grievance, claiming that the failure to pay him for the period during which he was laid-in from work and his termination both violated MDOC policy. On September 15, 2010, Defendant Henry denied the grievance at Step I. Defendant Warden Berghuis's office denied the grievance at Step II on November 30, 2010. The grievance was denied at Step III by Defendant Lockhart.

Plaintiff contends that Defendants' actions violated his right to due process. For relief, Plaintiff seeks compensatory and punitive damages, including lost pay.

**Discussion**

I.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[3]Placement on OO status is the common term for being classified as unemployable under MDOC policy. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.100, ¶ Z (permitting unemployable prisoners only the leisure time activities available to prisoners who work full time).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994). Plaintiff's complaint fails to allege a constitutional claim against any Defendant. First, Plaintiff fails even to mention Defendant Mack in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). As a consequence, Plaintiff fails to allege any claim against Defendant Mack.

Second, Plaintiff's only allegations against Defendants Henry, Berghuis and Lockhart are that they denied his grievance at one of the three steps of the grievance procedure. Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Henry, Berghuis or Lockhart engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Third, Plaintiff's claim that he was terminated from his prison job without due process is meritless. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). The Sixth Circuit consistently has held that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job."); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same). Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730 at *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Under these authorities, Plaintiff fails to state a due process claim arising from the suspension and subsequent termination of his prison employment.

Finally, Plaintiff's claim that Defendants' conduct violated MDOC policy does not rise to the level of a constitutional deprivation. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's challenge to the enforcement of state law therefore fails to state a claim under § 1983. To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claim, the Court declines to exercise jurisdiction. The Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely

by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). Plaintiff's state-law claim therefore will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  October 20, 2011             /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge